UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Robert G. Modrall, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> U.S. House of Representatives *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Case: 1:16-cv-01985 (F-Deck) <br> Assigned To : Unassigned <br> Assign. Date : 10/6/2016 <br> Description: Pro Se Gen. Civil |

MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant the plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3). In addition, a complaint may be so "patently insubstantial" as to deprive the Court of subject matter jurisdiction. *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009); *see Caldwell v. Kagan*, 777 F. Supp. 2d 177, 178 (D.D.C. 2011) ("A district court lacks subject matter jurisdiction when the complaint 'is patently insubstantial, presenting no federal question suitable for decision.' ") (quoting *Tooley*, 586 F.3d at 1009).

1

Plaintiff is a District of Columbia resident. He sues the U.S. House of Representatives' Committee on Oversight and Government Reform and a long list of individuals the Court will assume are members or employees of the U.S. Congress. In a one-paragraph Complaint, plaintiff alleges that "evidence of gross negligence and criminal misconduct by Department of Justice employees has repeatedly been submitted to [the Committee] for more than a year and no response has been made nor has any action been taken to address the issues." He claims such inaction is "a clear violation of 42 U.S.C. § 1986 and each of these members are causing considerable harm to the American people and placing our National Security in grave peril." Plaintiff does not claim to have suffered an injury, and he demands no relief. The Supreme Court has "consistently held that a plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws . . . does not state an Article III case or controversy," *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 573-74 (1992), which is a bedrock principle of federal court jurisdiction, *see id.* at 559-60. Hence, this case will be dismissed.

DATE: October 4, 2016

                                                United States District Judge